UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO.  8:06-cr-512-T-23TBM
                                                                                  8:09-cv-895-T-23TBM
JAMES B. MORTON
_____/

**O R D E R**

    Morton moves to vacate under 28 U.S.C. § 2255 and challenges his sentence under the Armed Career Criminal Act ("ACCA").  Earlier orders (Docs. 50 and 53) administratively closed and re-opened this action based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds that the residual clause of the ACCA is unconstitutionally vague.  The parties have briefed Morton's entitlement to the retroactive application of *Johnson*.  (Docs. 56 and 57)  The United States admits (1) that Morton is entitled both to retroactive application of *Johnson* and, as a consequence, to re-sentencing because he no longer qualifies for an enhanced sentence under the ACCA and (2) that Morton's maximum sentence without the ACCA enhancement is ten years.  *See In re Rivero*, 797 F.3d 986 (11th Cir. 2015) ("If Rivero — like the petitioner in *Bousley* — were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively.").  Morton argues that, because his imprisonment for nearly nine years equals the

maximum possible sentence after accounting for gain time, he is entitled to release from imprisonment.

The motion to vacate asserts three grounds for relief, each of which depends upon the asserted unconstitutionality of Morton's enhanced sentence under the residual clause of the ACCA.  The retroactive application of *Johnson* resolves each ground for relief.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**; the August 14, 2007 judgment, Doc. 32 in Case No. 06-cr-512, is **VACATED**; and a separate order in Case No. 06-cr-512 will schedule a prompt re-sentencing for Morton.  The clerk must enter a judgment for Morton in, and close, this case.

ORDERED in Tampa, Florida, on October 21, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE